[No. 17556. *En Banc.* April 22, 1924.]

D. R. GLASGOW, *as Administrator etc., Appellant,* v. WALTER J. NICHOLLS *et al., Respondents.*[1]

APPEAL (497)—DECISION—PROCEEDINGS AFTER REMAND—MODIFICATION OF JUDGMENT—REMAND FOR FURTHER ACTION. Where in an action for an accounting by a trustee *de son tort,* the supreme court's decision, reversing a dismissal of the action, arrived at a balance due without completing the account prayed for, and there were a large number of items and checks as to which there was a dispute, the judgment will be modified with directions to proceed with the accounting as prayed for and determine the matters in dispute.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered May 31, 1922, in favor of the defendants, in an action to establish a trust, tried to the court. Reversed.

*O. C. Moore* and *Turner, Nuzum & Nuzum,* for appellant.

*Post, Russell & Higgins,* for respondents.

PEMBERTON, J.—The facts involved in this case are found in 124 Wash. 281, 214 Pac. 165. Prior to sending down the remittitur, the respondents filed their

'Reported in 225 Pac. 1118.

motion requesting that an error in the original opinion be corrected, a portion of the motion being as follows:

"The court finds that there must be subtracted from the amount of the Callahan funds, to wit: $375,849.05, the sum of $165,000 because (quoting from the opinion), 'which (sum) the testimony shows was handled in this manner: Checks in that amount were drawn on a bank in New York by Milholland and Hough, to the order of Nicholls & Company, and endorsed by Nicholls & Company and at the direction of Milholland and Hough and deposited with Logan & Bryan. The transactions involving this amount were transactions such that we do not feel that Nicholls & Company had such part in as to entitle us to say that they became trustees for these funds.' This court, by the same reasoning, must further subtract the sum of $169,300, the same being the amount of checks (which are in evidence) drawn by Milholland and Hough on the same bank in New York to the order of Overbeck & Cook, a stock brokerage house in Portland, and there used in speculations in cotton. Hough testified that part of the Callahan funds were lost in speculations through Nicholls and part in speculations through Overbeck & Cook. Manifestly this court does not intend to charge Nicholls, or the property in the hands of McBroom as assignee for creditors, with the payment to the Callahan estate of Callahan funds lost by Milholland and Hough in cotton speculations through the brokerage house of Overbeck & Cook, there being no contention that Nicholls had any connection whatsoever with such transactions. The mandate of the opinion does that exact thing."

Respondents further move that, in the event the preceding motion is denied, the opinion be modified and corrected as follows:

"That the defendants shall account for the amount of Callahan funds used in transactions through Nicholls' office, less said sum of $165,000, and that an accounting shall be had *as prayed for in the complaint* (which accounting has never been had), and that the trial court shall determine such amount, and in so do-

ing shall consider the evidence now in the record relating to the use of Callahan funds in gambling or speculative transactions through the brokerage house of Overbeck & Cook, and any other use of such funds by said Milholland and Hough, and shall be permitted to take further evidence in respect to such matter, and that either party hereto shall have the privilege to present a motion before the trial court to take such further evidence, all to the end that neither Nicholls or McBroom, as assignee for the creditors of Nicholls, will be charged with the payment to the plaintiff of any Callahan moneys or funds which were squandered, used or lost by Milholland and Hough, or either of them, in transactions in which Nicholls or Nicholls & Company had no connection whatsoever.''

In view of the large number of items of account included in the various amounts mentioned in the former opinion, and the fact that the trial court dismissed the action without completing the accounting as prayed for in the complaint, and it being claimed that a large number of checks drawn by Milholland and Hough to Overbeck & Cook, used in cotton speculations, should not be charged against Nicholls & Company, it is therefore ordered that the case be remanded with directions to the trial court to determine whether or not the amount, if any, paid to Overbeck & Cook in cotton speculations should be charged against Nicholls & Company, and proceed with the accounting as prayed for by plaintiffs in their complaint. The trial court is directed to consider the testimony already taken, as well as further competent testimony to be offered by either party, if desired, in determining the amounts of the various items mentioned in the former opinion, and other items, if any, and enter judgment accordingly. The former opinion is so modified.

HOLCOMB, TOLMAN, BRIDGES, FULLERTON, and PARKER, JJ., concur.