[No. 19058. Department One. May 29, 1925.]

D. R. GLASGOW, *as Administrator of the Estate of James F. Callahan, Deceased, Plaintiff and Cross-Appellant,* v. WALTER J. NICHOLLS *et al., Defendants and Appellants.*[1]

APPEAL (418)—REVIEW—FINDINGS. Findings on conflicting evidence will not be disturbed when it cannot be said that the evidence preponderates against them.

ASSIGNMENTS FOR BENEFIT OF CREDITORS (28-1)—TRUSTS (53)—RIGHTS OF CREDITORS AGAINST DEBTOR—SCOPE OF RELIEF AGAINST TRUSTEE. An assignor for the benefit of creditors should be held personally liable for the wrongful use of money as a trustee, in addition to establishing the claim against the property in the hands of the assignee, where there was a possibility that such property might not be sufficient to satisfy the claim.

Cross-appeals from a judgment of the superior court for Spokane county, Blake, J., entered October 6, 1924, in favor of the plaintiff, in an action to establish a trust, tried to the court. Remanded for correction.

*Post, Russell & Higgins,* for appellants.

*O. C. Moore* and *Turner, Nuzum & Nuzum,* for respondent and cross-appellant.

[1]Reported in 236 Pac. 564.

PARKER, J.—This controversy first came into the superior court for Spokane county, the plaintiff Glasgow, as administrator of the estate of James F. Callahan, deceased, seeking a decree establishing and awarding to him, against the defendant assignee of Nicholls for the benefit of his creditors, a preferred claim chargeable to the trust funds and property of the assignment; the plaintiff also seeking general relief, including a personal judgment against the defendant Nicholls and a general judgment against the trust property of the assignment in the hands of McBroom, in so far as the specific relief sought could not be effectually awarded. Relief was so sought upon the theory that Callahan, during his lifetime, had entrusted with and placed in the hands of Milholland & Hough securities for safe keeping and reinvestment by them for him, which securities and the proceeds thereof were lost largely, if not wholly, through the joint unauthorized and unlawful speculations of Milholland & Hough and the defendant Nicholls.

A trial in the superior court resulted in a decree denying to the plaintiff all relief prayed for, from which he appealed to this court; which decree was by Department One of this court reversed on April 5, 1923 (124 Wash. 281, 214 Pac. 165). Upon petition for rehearing, that decision was adhered to and affirmed by the court, sitting *En Banc,* on November 13, 1923 (127 Wash. 693, 219 Pac. 883). While that decision settled the law of the case, leaving, we think, no serious questions of law open for consideration, even in these subsequent proceedings, it did in effect seemingly erroneously determine that the defendants Nicholls and McBroom, his assignee, were chargeable with certain funds of Callahan which had been lost in speculations in which Nicholls did not participate; that is, in specu-

lations in which only Milholland & Hough and Over-
beck & Cooke participated. This seeming error having
been called to this court's attention by appropriate mo-
tion before the sending down of the remittitur on that
decision, the cause was remanded to the superior court

"to determine whether or not the amount, if any, paid
to Overbeck & Cook in cotton speculations should be
charged against Nicholls & Company, and proceed with
the accounting as prayed for by plaintiffs in their com-
plaint. The trial court is directed to consider the testi-
mony already taken, as well as further competent testi-
mony to be offered by either party, if desired, in de-
termining the amounts of the various items mentioned
in the former opinion, and other items, if any, and
enter judgment accordingly. The former opinion is
so modified." (129 Wash. 319, 225 Pac. 1118.)

This direction we construe, as the trial court evi-
dently did, to mean that it was to determine only the
amount of Callahan's funds lost through the specula-
tions of Overbeck and Cooke with which Nicholls had
nothing to do, to the end that it be thereby determined
that what deductions should be made from the losses of
Callahan's funds through the speculations of Overbeck
& Cooke with which Nicholls had nothing to do, and
his liability as well as that of his assigned property
be limited accordingly by the final decree; it appearing
that all of Callahan's losses were through the specu-
lations of Nicholls, except such as occurred through
the speculations of Logan & Bryan, noticed in our
former decision, and through the speculations of Over-
beck & Cooke with which Nicholls had nothing to do.
A final hearing on this branch of the case being ac-
cordingly had in the superior court, it rendered its
final decree as follows:

"I.

"That the judgment of dismissal and for costs entered on May 31, 1922, be and the same is hereby vacated and set aside  .  .  .

"II.

"That the defendant, C. E. McBroom, as assignee for the benefit of creditors of Walter J. Nichols, shall recognize the plaintiff as having a preferred claim in the sum of $8,000.00, against the fund or estate heretofore or hereafter coming into his hands as such assignee, which shall have priority over the claims of the general or common creditors of said trust, and that he shall pay same out of the funds of said trust and in due course of administration of said trust. The question of priority between such preferred claim and any other preferred claim is not herein adjudicated.

"III.

"That the plaintiff have judgment for the said sum of Seventy thousand nine hundred fifty dollars, sixty-four cents ($70,950.64) against said Walter J. Nichols, together with the costs and disbursements herein to be taxed in the usual manner. That said costs and disbursements so taxed shall be treated by said McBroom as said assignee, as one of the expenses of his administration of said trust fund and be paid accordingly."

From this decree the defendants Nicholls and McBroom, his assignee, jointly appealed to this court, and thereafter the plaintiff Glasgow cross-appealed to this court; the former contending that the awards are too large, and the latter contending that the awards are too small.

As to the amount of the awards, that is, the $8,000 award made as a preferred claim and the $70,950.64 award made as a general claim, we think the appeals call for nothing worthy of serious consideration other than questions of fact. The amount of the former was determined by our former decision, and the amount of the latter was determinable by the new evidence in-

troduced upon the last hearing read in the light of the evidence introduced upon the first hearing. A somewhat laborious review of the evidence touching the amount of the award of $70,950.64 as a general claim convinces us that no useful purpose would be served by any attempt on our part to here demonstrate the correctness of the amount of that award. We deem it sufficient to say that we are satisfied that the evidence does not preponderate against the trial court's conclusions with reference thereto. It may not be mathematically correct, but it approximates mathematical correctness as nearly as can be done from this much involved and very voluminous record. As to the amount of these awards, therefore, we conclude that the decree must be affirmed.

Contention is made in behalf of cross-appellant Glasgow that the above quoted final decree is erroneous as to form, in that it fails to make the $8,000 award a personal judgment against Nicholls, having in view the possibility that it might not ultimately be satisfied out of the trust assignment property; and further, in that the $70,950.64 award is not in terms made a general claim against the trust assignment property as well as a personal judgment against Nicholls. It seems to us that these contentions are well-founded. We apprehend that it is quite probable that this erroneous form of the decree was caused by inadvertence in its drawing, rather than by any actual intent on the part of the court that it should not be as counsel for Glasgow now contend. We conclude, therefore, that the decree should be amended so that the total of the awards, to wit, $78,950.64, be decreed a personal judgment against Nicholls in favor of Glasgow as administrator of the estate of James F. Callahan, deceased; $8,000 thereof to be decreed a preferred claim against the assigned property of Nicholls in the hands of Mc-

Broom, his assignee, in so far as it can be so satisfied, having regard to other valid priorities, and $70,950.64 thereof decreed to be an established general claim against the assigned property in the hands of Mc-Broom. It is so ordered, and the case is remanded to the superior court with direction to correct its decree accordingly. None of the parties will recover costs incident to these appeals.

TOLMAN, C. J., MAIN, BRIDGES, and ASKREN, JJ., concur.